UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| ROGER LEE ARBOGAST, ) | |
| ) | C/A. No.: 07:11-cv-00198-GRA |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| SPARTANBURG COUNTY; STATE OF ) | |
| SOUTH CAROLINA; TRAY GOUDY; JAMES ) | |
| CHEEKS; JOSH KELLY; ASHLEY C. ) | |
| HARRIS; BRYANNA ROGERS; BILL ) | |
| CAFFEY; MARC KITCHENS; RUSS RODINE; ) | |
| JAMES BAMISTER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on March 8, 2011 and made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff Roger Arbogast brought this action on January 25, 2011, pursuant to 42 U.S.C. § 1983. In her March 8, 2011 Report and Recommendation, Magistrate Judge Paige J. Gossett recommended dismissing this case without prejudice. *See* ECF No. 8. Plaintiff filed a timely Objection to the magistrate judge's Report and Recommendation on March 14, 2011. *See* ECF No. 11. For the reasons stated herein, the Court adopts the magistrate's Report and Recommendation in its entirety.

**Background**

Plaintiff is a former prisoner of the South Carolina Department of Corrections and was released, according to his Complaint, on October 27, 2007. According to Plaintiff's Complaint, he was arrested for possession and trafficking of Opium, in violation of S.C. Code Ann. § 44-53-370 (1976). He makes the following allegations against Spartanburg County:

> Spartanburg Co. was involved in entrapment[,] Misconduct Miscarriage of Justice Wrongful conviction, False Imprisonment, Perjury Grand Jury Misconduct, Lack of Jurisdictions (sic), Withholding evidence False Testimony Theft I have all of the paperwork to prove my case To this court from the day of the entrapment to the trial to sentence all of it . . .

ECF No. 1. Plaintiff requests that this Court grant him monetary damages based on the five years of time he improperly served in prison. *Id.*

**Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton*, 775 F.2d 1274,

1277 (4th Cir. 1985), *cert denied,* 475 U.S. 1088 (1986).

The magistrate makes only a recommendation to the Court. The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Accordingly, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

### Discussion

In Plaintiff's Complaint and Objections to the magistrate's Report and Recommendation, Plaintiff raised a claim of false imprisonment, wrongful conviction, and entrapment, alleging that there was a violation of Plaintiff's constitutional rights under § 1983 for police misconduct in that they "lured and induced [Plaintiff] into a crime they invented," which resulted in his conviction. *See* ECF No. 1. Moreover, Plaintiff is seeking monetary damages against state officials for these alleged constitutional violations. *Id.* After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Plaintiff's allegations would render his conviction and sentence invalid. Therefore, his allegations fail to meet the requirements outlined in *Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (footnote omitted).  The Report and Recommendation accurately concludes that this action must be dismissed for failure to state a claim because Plaintiff has failed to allege that his conviction has been reversed, expunged, or declared invalid by a state court, and no writ of habeas corpus has been issued.  *See* ECF No. 8.

Plaintiff objects to his conviction on the ground that "there was no evidence presented to the grand jury to render a legal true bill. . . ."  ECF No. 11.  Plaintiff's objection essentially reiterates his Complaint which alleges that he was wrongfully convicted there was no evidence supporting his conviction.  In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and

conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 1999 (4th Cir. 1983). Plaintiff's Objections are general and conclusory in that they merely reassert that his conviction was wrongful. Plaintiff fails to specifically object to the magistrate's Report and Recommendation. Therefore, Plaintiff's Objections do not warrant further explanation.

Therefore, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED without prejudice.

**IT IS SO ORDERED**.

_____
G. Ross Anderson, Jr.
Senior United States District Judge

November 17, 2011
Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.