UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Roger Lee Arbogast, | ) | |
| | ) | C/A No.: 7:11-cv-00198-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Spartanburg County; State of South Carolina; Trey Goudy; James Cheeks; Josh Kelly; Ashley C. Harris; Bryanna Rogers; Bill Coffey; Marc Kitchens; Ross Racine; James Bannister | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel. ECF No. 31. Plaintiff asks this Court to appoint counsel so that he might have assistance pursuing his civil action under 42 U.S.C. § 1983. *Id.* For the reasons stated below, Plaintiff's motion is DENIED.

Plaintiff brings this motion *pro se* and *in forma pauperis*. ECF No. 7. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The law is clear that there is no right to appointed counsel in section 1983 cases. *See Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). However, this Court is granted the power to exercise its discretion to appoint counsel under 28 U.S.C. § 1915(e)(1) for an indigent in cases brought under 42 U.S.C. § 1983. 28 U.S.C. §

1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971); *Cummings v. Hunt*, No. 1:11CV202-3-MU, 2011 WL 4501401, at *1 (W.D.N.C. Sept. 28, 2011). However, the appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Whether "exceptional circumstances" exist depends upon two factors: (1) the type and complexity of case, and (2) the ability of the pro se litigant to present the case. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) ("The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individual bringing it."). "A district court's denial of a motion to appoint counsel is reviewed for abuse of discretion." *Hall v. Holsmith*, 340 F. App'x 944, 946 (4th Cir. 2009).

After a thorough review of the record in this case, the Court concludes that there are no exceptional circumstances which justify the appointment of counsel. The pleadings and issues being litigated in this particular matter do not present unusual circumstances sufficient to warrant the appointment of counsel, nor will Plaintiff be denied due process if an attorney is not appointed. In this case, as in most civil rights cases, the issues are not complex, and whenever such a case is brought by a *pro se* litigant, this Court outlines proper procedure so the *pro se* litigant will not be deprived of a fair opportunity to present his or her case. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). At this time, Plaintiff is adequately representing himself and has been for over three years. Therefore, Plaintiff's motion is DENIED.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel is DENIED.

**IT IS SO ORDERED.**

*G. Ross Anderson, Jr.*
Senior United States District Judge

April  9 , 2014
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within **thirty (30)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**