UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Roger Lee Arbogast, | ) | |
| | ) | C/A No.: 7:11-cv-00198-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Spartanburg County; State of South Carolina; Trey Goudy; James Cheeks; Josh Kelly; Ashley C. Harris; Bryanna Rogers; Bill Coffey; Marc Kitchens; Ross Racine; James Bannister, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's *pro se* Petition for Writ of Error Coram Nobis. ECF No. 36. For the reasons set forth below, Plaintiff's Petition is DISMISSED.

Plaintiff Roger Arbogast brought this action on January 25, 2011, pursuant to 42 U.S.C. § 1983, alleging claims of false imprisonment, wrongful conviction, and entrapment. ECF No. 1. Magistrate Judge Paige J. Gossett filed a Report and Recommendation on March 8, 2011, recommending that this Court dismiss Plaintiff's case without prejudice. ECF No. 8. Plaintiff filed a timely objection to the Report and Recommendation on March 14, 2011. ECF No. 11. This Court adopted the Magistrate's Report and Recommendation, dismissing Plaintiff's complaint without prejudice, on November 17, 2011. ECF No. 21. Plaintiff produced a letter on January 30, 2014, seeking a Writ of Mandamus compelling the Seventh Judicial Circuit Court in Spartanburg, South Carolina to give him a new criminal trial. ECF No. 28. This Court denied the request for a Writ of Mandamus on March 28,

2014. ECF No. 29. Plaintiff now seeks a Writ of Error Coram Nobis compelling the Seventh Judicial Circuit Court in Spartanburg, South Carolina to give him a new criminal trial. ECF No. 36.

Plaintiff brings this motion *pro se* and *in forma pauperis*. ECF No. 7. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff is unable to use 28 U.S.C. § 1651, the "All Writs Act," to obtain a Writ of Error Coram Nobis. The All Writs Act, from which the federal courts derive their power to issue Writs of Error Coram Nobis, states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This Court lacks jurisdiction to issue a Writ of Error Coram Nobis under the All Writs Act because this Court is not acting in aid of its own jurisdiction. *See Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) ("Error coram nobis ... cannot issue under the instant proceeding ... for the judgments are not in the court which Thomas has petitioned."); *In re Shelton*, 1 F. App'x 149, 149 (4th Cir. 2001) (finding that it had

no jurisdiction under § 1651(a) to alter the judgment of a Virginia trial court).[1] Plaintiff's original judgment is with the South Carolina state court and not this Court. Thus, this Court would not be acting in aid of its own jurisdiction if it were to grant a Writ of Error Coram Nobis.

After reviewing the record, this Court finds that Plaintiff's *pro se* Petition for Writ of Error Coram Nobis does not state any facts under which relief can be granted by this Court.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Petition for Writ of Error Coram Nobis is DISMISSED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September  3 , 2014
Anderson, South Carolina

---

[1] *See also Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006)("[O]ur Sister Circuits that have addressed this question have ruled that the district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts. *See, e.g., Obado v. New Jersey,* 328 F.3d 716, 718 (3rd Cir.2003) ("*coram nobis* is not available in a federal court as a means of attack on a state criminal judgment"); *Rivenburgh v. Utah,* 299 F.2d 842, 843 (10th Cir.1962) ("use of the writ is limited by tradition and rule ... and cannot be used as a ... collateral writ of error between state and federal jurisdictions"); *Sinclair v. Louisiana,* 679 F.2d 513, 514 (5th Cir.1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments" (internal quotation marks omitted)); *Booker v. Arkansas,* 380 F.2d 240, 244 (8th Cir.1967) ("Relief by the writ ... is available, if at all, only in the court which rendered the judgment under attack"), *abrogated on other grounds by Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); . . . *Lowery v. McCaughtry,* 954 F.2d 422, 423 (7th Cir.1992) ("Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court")").

## **NOTICE OF RIGHT TO APPEAL DECISION**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within **thirty (30)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**